U.S. Department of Labor

Office of Administrative Law Judges
800 K Street, NW
Washington, DC 20001-8002

(202) 693-7300
(202) 693-7365 (FAX)

Issue Date: 26 June 2020

**OALJ No.: 2019-CFP-00001**
OSHA No.: 5-0460-18-125

*In the Matter of:*

**KENNETH DEL SIGNORE**,
 *Complainant*,

v.

**NOKIA CORPORATION OF AMERICA**,[1]
 *Respondent*.

## DECISION AND ORDER DISMISSING CASE FOR LACK OF JURISDICTION

Complainant brings this case based upon the Consumer Financial Protection Act of 2010 (the "CFPA"), Section 1057 of the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010, 12 U.S.C. § 556; 29 C.F.R. Part 1985; and the Sarbanes-Oxley Act, 18 U.S.C. § 1514A (the "SOX Act" or "SOX") (Section 806 of the Corporate and Criminal Fraud Accountability Act of 2002), 29 C.F.R. Part 1980; and Illinois state law. For each of these bases, there are jurisdictional defects that require this case to be dismissed.

### RELEVANT FACTS[2] AND PROCEDURAL HISTORY

On September 26, 2018, Complainant filed a complaint with the United States Department of Labor Occupation al Safety and Health Administration ("OSHA"). Complainant detailed his factual allegations about Respondent and mentions the SOX Act and the CFPA. Regarding the referenced law,

---

[1] Previous captions in this case identify Respondent as "Nokia," which is consistent with Complainant's filings. In its cross motion for summary decision, Respondent indicates its proper name is Nokia Corporation of America, which this caption now reflects.

[2] The factual allegations by Complainant that make up the substance of his claims are quite voluminous. But, they will not be discussed in much detail here because the critical facts for this decision rest on jurisdictional grounds.

- 1 -

Complainant states "I am requesting a [SOX] kick out in order to file a federal whistleblower harassment suit. I believe I am protected under the provisions of the Dodd Frank/SOX laws because the telecom companies act as 'custodians of public monies' when they collect the USF fee and held it on account." Complainant later quotes the SOX Act, 18 U.S.C. § 1519, a criminal statute; Complainant concluded that corporate officers of Respondent could be prosecuted under that statute. After explaining that Respondent's internal investigation concluded that Complainant's allegations were not substantiated, Complainant states:

> Following this message, I determined to file an OSHA complaint and proceed with a SOX harassment suit. I requested of my manager, the [Respondent attorney], and [a human resource representative] if my laptop could be turned on so that I could fully document my complaint, also telling them that I considered my activity to be a protected activity under SOX. My request was denied by [the Respondent Attorney] . . . .

At the end of his complaint, Complainant states "At this time, I request to file a Whistleblower Complaint under CPFA."

On November 7, 2018, OSHA issued its findings on the CFPA claim and did not mention the SOX Act. OSHA concluded that Respondent and Complainant were covered under the CFPA but did not elaborate why. OSHA also concluded that Complainant did not establish a prima facie complaint and there was no cause to believe that Respondent violated the CFPA.

In a letter dated November 15, 2018, Complainant objected to and requested review of OSHA's findings. In its entirety, Complainant stated

> I wish to file this notice of contest to the OSHA finding issued on Nov 7, 2018, a copy of which is attached. I believe this matter exposes an anti-trust scheme that has far reaching ramification in the telecom sector, including the possible misappropriation of $1.5B/year in federal telecom subsidies. I believe there also may be corporate officers that face criminal liability under [the SOX Act, 18 U.S.C. § 1519], as detailed in my original complaint.

On January 7, 2019, January 22, 2019, and February 21, 2019, Claimant filed what appear to be different drafts of documents that outline Complainant's case with attached exhibits. These documents are more

substantive than a complaint[3] and include exhibits but do not request dispositive relief like a motion for summary decision. I interpret these documents as a memorialization of Complainant's understanding of his case at that time. Paragraph thirteen of these documents describe that Complainant filed a SOX whistleblower complaint with OSHA on October 10, 2018. Complainant then asserts that the complaint was denied on November 7, 2018, which "led to this complaint."

In paragraphs thirteen to twenty two of these documents, Complainant asserts his standing under the SOX Act, the CFPA, and Illinois whistleblower statutes. Complainant argues he has standing under the SOX Act because Respondent purportedly committed secret conspiratorial wrongdoing in violation of the SOX Act that defrauded shareholders among other things. Complainant argues he has standing under the CFPA because Respondent receives money from the "Universal Service Fund," which is funded by a fee added to consumer phone bills for the purpose of expansion and maintenance of cellular data and phone service in rural areas. Complainant asserts that use of this fund qualifies as a consumer financial product or service under 12 U.S.C. § 5481(15)(A)(iv). Complainant argues he has standing under Illinois 740 Ill. Comp. Stat. 174/15 because Respondent purportedly violates the statute's prohibition of retaliation against employees who disclose violations of state of federal law.

In paragraph twenty six, Complainant describes his job as a computer scientist who worked in big data analysis and software development.

On July 16, 2019, Complainant submitted a document titled "Memorandum in support of (forthcoming) Motion for Summary Decision." This document identifies seven specific instances of alleged protected activity and which statutes purportedly cover that activity. On January 17, 2020, Complainant filed his motion for summary decision, which quotes the whistleblower protections of the SOX Act and CFPA and applies his facts to them.

On January 21, 2020, Respondent filed its cross motion for summary decision, which concludes that the evidence does not support Complainant's claims. Respondent also asserts Complainant has no standing under the CFPA for these claims because Respondent is not a "covered person" and Complainant is not a "covered employee."

---

[3] Complaints are not required to initiate whistleblower cases before OALJ under the Sox Act or the CFPA. 29 C.F.R. §§ 1980.106, 1985.106. Objections to OSHA's findings take the place of a complaint in describing the claim and initiating litigation at the OALJ level.

On February 3, 2020, Complainant filed a response to Respondent's cross motion for summary decision. In response to standing under the CFPA, Complainant argues that Respondent is a "covered person" because it collects public funds, Respondent is a service provider because it provides equipment to telecommunications companies, and Complainant is a covered employee because he was an employee of Respondent. On February 19, 2020, Complainant filed a second response to Respondent's cross motion for summary decision. Complainant argues that because he was an employee of a contractor to a telecommunications corporation, he has standing under the SOX Act and the CFPA. Complainant then makes additional arguments, which were substantive to his claims.

This case was scheduled for a hearing on April 21–23, 2020, but was suspended by Chief Judge Henley's March 19, 2020 Administrative Order and Notice. *In Re Suspension of Hearing and Procedural Deadlines Due to Covid-19 National Emergency*, No. 2020-MIS-00006.

## DISCUSSION

Complainant makes several claims before OALJ, claims based upon Illinois whistleblower law, the SOX Act, and the CFPA. Complainant also cites a few criminal statutes in his filings. All of these claims fail here for lack of jurisdiction.

### I. Jurisdiction of Claims

#### A. Subject Matter Jurisdiction

The Office of Administrative Law Judges ("OALJ") is a court that may only hear claims if it has subject matter jurisdiction over them. This means OALJ must be specifically empowered by law to hear specific types of cases. This court may not hear all cases actionable by law, like state courts that enjoy general jurisdiction.

Complainant makes claims under Illinois whistleblower law and a few criminal statutes. Complainant does not provide an explanation of why OALJ has the subject matter jurisdiction to hear Illinois whistleblower or criminal claims. The referenced Illinois and criminal statutes also do not confer a right of review before OALJ in their text. Violations of these statutes might be probative evidence or an element of a proper claim before OALJ but cannot be brought as claims themselves here. Accordingly, these Illinois law and criminal claims lack subject matter jurisdiction and must be dismissed.

### B. Administrative Remedy Exhaustion

When a party raises a claim before a court, it must first exhaust any administrative remedies required by law. A complainant must first file a SOX complaint with OSHA. 29 C.F.R. § 1980.103. Then, upon OSHA issuing its findings, a party may object to the findings and request a hearing before OALJ. *Id.* §§ 1980.105–.106. Filing a complaint for review by OSHA is an administrative remedy that must be exhausted before OALJ can review a SOX claim.

Here, OSHA's findings to which Complainant objected did not cover the SOX Act; the findings only referenced the CFPA. Complainant's OSHA complaint quoted criminal sections of the SOX Act, mentioned an internal filing of a SOX claim with Respondent, and requests a SOX "kick out"— whose meaning is unclear. Complainant's OSHA complaint does explicitly request a whistleblower complaint under the CFPA. Complainant's objection and request for review also does not indicate an objection to the OSHA findings being limited to the CFPA. Complainant's early document filings before OALJ indicate a whistleblower complaint under the SOX Act may have been made with OSHA on October 10, 2018. So, if Complainant filed a SOX whistleblower complaint with OSHA, it appears to be separate from the CFPA complaint. No further evidence of the October 10, 2018 SOX complaint was provided for this case, and my records do not indicate any objection to OSHA filings based upon an October 10, 2018 SOX complaint.

Taking these facts into account, I conclude that Complainant did not successfully or intentionally file a SOX whistleblower complaint with OSHA on September 28, 2018. I also conclude there is no evidence that Complainant objected to OSHA's findings for a SOX whistleblower case. Claimant may not raise these claims before OALJ without exhausting its administrative remedies; for that reason, Complainant's SOX whistleblower claims must be dismissed.

## II. Standing

Under the CFPA, Complainant adequately filed a complaint with OSHA and properly filed an objection to OSHA's findings for review by OALJ. But, to have standing, Respondent must be "covered person" and Complainant must be a "covered employee" as defined by the CFPA. 12 U.S.C. § 5567(a).

"Covered person" means "any person that engages in offering or providing a consumer financial product or service" and affiliates that are service providers to such a "covered person." 12 U.S.C. § 5481(6); 29 C.F.R. § 1985.101(j). "Covered employee" means "any individual

performing tasks related to the offering or provision of a consumer financial product or service." 12 U.S.C. § 5567(b); 29 C.F.R. § 1985.101(i). The CFPA enumerates the many financial products and derivative services that qualify as a "consumer financial product and service." 12 U.S.C. § 5481(5), (15).

Here, Complainant argues Respondent's receipt of money from the Universal Service Fund for the benefit of consumers qualifies as a consumer financial product or service under 12 U.S.C. § 5481(15)(A)(iv).[4] Complainant also asserts that Respondent provides equipment to telecommunications companies, which qualifies as a financial product or service. I disagree. Collecting a fee to spend on rural consumers is significantly different than the banking activity described in 12 U.S.C. § 5481(15)(A)(iv). Interpreting "financial product or service" as broadly as Complainant argues would capture any business that charges fees and uses those fees for consumers in some way. That interpretation is contrary to the CFPA scheme and contrary to the plain reading of the statutory language. Similarly, Respondent providing equipment to telecommunications companies also does not make it a "covered person."

Complainant does not explain why he is a "covered employee" under the CFPA beyond being an employee of Respondent, which he concludes is a "covered person." Not all employees of "covered persons" are "covered employees" under 12 U.S.C. § 5567; there is a requirement that a "covered employee" perform tasks related to offering a consumer financial product and service. Complainant is a self-described computer scientist who worked in big data analysis and software development, which cannot be interpreted to include performing tasks relating to a consumer financial product and service.

I conclude that Respondent is not a "covered person," and Complainant is not a "covered employee" under the CFPA. Based upon both conclusions, either of which is sufficient to defeat standing, I conclude that Complainant does not have standing under the CFPA, and the respective claims must be dismissed.

## III. Conclusion

Complainant's allegation of Respondent's violation of criminal and Illinois statutes are not actionable before OALJ for lack of subject matter jurisdiction. Complainant's SOX whistleblower claim cannot be raised now

---

[4] "Financial product or service" includes "engaging in deposit-taking activities, transmitting or exchanging funds, or otherwise acting as a custodian of funds or any financial instrument for use by or on behalf of a consumer" 12 U.S.C. § 5481(15)(A)(iv).

before OALJ because Complainant did not exhaust his administrative remedies before OSHA. Complainant does not have standing to bring a CFPA whistleblower case because Respondent is not a "covered person" and Complainant is not a "covered employee." Accordingly, all of Complainant's claims must be dismissed for lack of jurisdiction.

## ORDER

Accordingly, it is **ORDERED** that that all claims in this case are dismissed for lack of jurisdiction.

**SO ORDERED.**



Digitally signed by WILLIAM COLWELL
DN: CN=WILLIAM COLWELL,
OU=ADMINISTRATIVE LAW JUDGE,
O=US DOL Office of Administrative Law
Judges, L=Washington, S=DC, C=US
Location: Washington DC

**WILLIAM S. COLWELL**
Associate Chief Administrative Law Judge

Washington, D.C.
WSC/aje

**NOTICE OF APPEAL RIGHTS:** To appeal, you must file a Petition for Review ("Petition") with the Administrative Review Board ("Board") within fourteen (14) days of the date of issuance of the administrative law judge's decision. The Board's address is: Administrative Review Board, U.S. Department of Labor, Suite S-5220, 200 Constitution Avenue, NW, Washington DC 20210, for traditional paper filing. Alternatively, the Board offers an Electronic File and Service Request (EFSR) system. The EFSR for electronic filing (eFile) permits the submission of forms and documents to the Board through the Internet instead of using postal mail and fax. The EFSR portal allows parties to file new appeals electronically, receive electronic service of Board issuances, file briefs and motions electronically, and check the status of existing appeals via a web-based interface accessible 24 hours every day. No paper copies need be filed.

An e-Filer must register as a user, by filing an online registration form. To register, the e-Filer must have a valid e-mail address. The Board must validate the e-Filer before he or she may file any e-Filed document. After the Board has accepted an e-Filing, it is handled just as it would be had it been filed in a more traditional manner. e-Filers will also have access to electronic service (eService), which is simply a way to receive documents, issued by the Board, through the Internet instead of mailing paper notices/documents.

Information regarding registration for access to the EFSR system, as well as a step by step user guide and FAQs can be found at: https://dol-appeals.entellitrak.com. If you have any questions or comments, please contact: Boards-EFSR-Help@dol.gov

Your Petition is considered filed on the date of its postmark, facsimile transmittal, or e-filing; but if you file it in person, by hand-delivery or other means, it is filed when the Board receives it. See 29 C.F.R. § 1985.110(a). Your Petition must specifically identify the findings, conclusions or orders to which you object. You may be found to have waived any objections you do not raise specifically. See 29 C.F.R. § 1985.110(a).

At the time you file the Petition with the Board, you must serve it on all parties as well as the Chief Administrative Law Judge, U.S. Department of Labor, Office of Administrative Law Judges, 800 K Street, NW, Suite 400-North, Washington, DC 20001-8002. You must also serve the Assistant Secretary, Occupational Safety and Health Administration and, in cases in which the Assistant Secretary is a party, on the Associate Solicitor for Occupational Safety and Health. See 29 C.F.R. § 1985.110(a).

If filing paper copies, you must file an original and four copies of the petition for review with the Board, together with one copy of this decision. In addition, within 30 calendar days of filing the petition for review you must file with the Board an original and four copies of a supporting legal brief of points and authorities, not to exceed thirty double-spaced typed pages, and you may file an appendix (one copy only) consisting of relevant excerpts of the record of the proceedings from which the appeal is taken, upon which you rely in support of your petition for review. If you e-File your petition and opening brief, only one copy need be uploaded.

Any response in opposition to a petition for review must be filed with the Board within 30 calendar days from the date of filing of the petitioning party§s supporting legal brief of points and authorities. The response in opposition to the petition for review must include an original and four copies of the responding party§s legal brief of points and authorities in opposition to the petition, not to exceed thirty double-spaced typed pages, and may include an appendix (one copy only) consisting of relevant excerpts of the record of the proceedings from which appeal has been taken, upon which the responding party relies. If you e-File your responsive brief, only one copy need be uploaded.

Upon receipt of a legal brief filed in opposition to a petition for review, the petitioning party may file a reply brief (original and four copies), not to exceed ten double-spaced typed pages, within such time period as may be ordered by the Board. If you e-File your reply brief, only one copy need be uploaded.

If no Petition is timely filed, the administrative law judge's decision becomes the final order of the Secretary of Labor pursuant to 29 C.F.R. §§ 1985.109(e) and 1985.110(b). Even if a Petition is timely filed, the administrative law judge's decision becomes the final order of the Secretary of Labor unless the Board issues an order within thirty (30) days of the date the Petition is filed notifying the parties that it has accepted the case for review. See 29 C.F.R. § 1985.110(b).

# SERVICE SHEET

Case Name: **DEL_SIGNORE_KENNETH__v_NOKIA_**

Case Number: **2019CFP00001**

Document Title: **DECISION AND ORDER DISMISSING CASE FOR LACK OF JURISDICTION**

I hereby certify that a copy of the above-referenced document was sent to the following this 26th day of June, 2020:



Digitally signed by BRENDA D. WILLIAMS
DN: CN=BRENDA D. WILLIAMS,
OU=LEGAL ASSISTANT, O=US DOL Office
of Administrative Law Judges,
L=Washington, S=DC, C=US
Location: Washington DC

**BRENDA D. WILLIAMS**
LEGAL ASSISTANT

Director
Directorate of Whistleblower Protection Programs
U S Department of Labor, OSHA
Room N 4618 FPB
200 CONSTITUTION AVE NW
WASHINGTON DC 20210
  *{Electronic - Regular Email}*

Regional Administrator
Region 5
Room 3244
230 South Dearborn Street
CHICAGO IL 60604
  *{Electronic - Regular Email}*

Kenneth Del Signore
kendelsignore@gmail.com
  *{Electronic - Regular Email}*

Benson E Pope, Esq
bpope@littler.com
  *{Electronic - Regular Email}*